[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
"For better of for worse" is often a part of the marriage vows uttered in many wedding ceremonies in our society. Most couples, at the time of the marriage, would probably agree that they intended their love to continue on a permanent basis. But divorce, sadly, is a regular reality. When there is a divorce, does a husband become an insurer of his wife's medical condition? If the wife's health takes a turn for the "worse," is the husband obligated to continue to support her for the rest of her life?
Connecticut's statutory criteria gives the court wide discretion in considering many factors, health being only one, in the equitable distribution of assets and the award of alimony. No two cases are ever the same. An examination of the facts in a particular case, the complex mosaic which constitutes a marriage, is necessary to arrive at an appropriate resolution. So it is with Lazor v. Lazor.
The parties were married on July 5, 1987, a total of 13 years, and separated in January 1999. By complaint dated February 1, 1999, the Wife instituted this action claiming a dissolution of marriage, alimony, joint custody with physical custody to the Wife, support, an equitable division of personal property, counsel fees, and other equitable relief. The Husband appeared through counsel, admitted the allegations of the Wife's complaint, and filed a cross-complaint claiming a dissolution of marriage, joint legal and physical custody of the minor children, liberal visitation with the children, alimony, attorney's fees, an equitable division of marital estate, an equitable division of marital debts, and other equitable relief. The parties were fully heard over 3 days of trial.
Three children, issue of the marriage, were born to the Wife, to wit: Jacqueline, born on December 8, 1991 (age 8 1/2 years), Jennifer, born August 28, 1994 (age 6 years), and Julie, born March 14, 1997, (age 3 1/2 years). They are in generally good health but do suffer from sinusitis problems. To the credit of both parties, they were able to come to an agreement concerning parental issues involving the children, which agreement will be incorporated into this decree.
The Wife is 36 years of age, well educated, and suffers some health CT Page 12774 problems. She has a Bachelor of Science degree in accounting and credits towards her Masters degree in education which she hopes to complete in June of 2001. In addition she passed the CPA exam and holds a teaching certificate. Her goal is to become an elementary school teacher in the public school system. Early in the marriage, between 1987 and 1995, she worked as a revenue agent for the IRS, her last salary being $29,500 per year. Currently, she is employed as teacher in the St. Ambrose Catholic School earning $21,100 per year.
When she was a toddler, the Wife claimed, without offering expert medical testimony, that she developed a hearing impairment necessitating the use of hearing aids in both ears. The Husband was fully aware of her problem at the time of the marriage. She cannot hear high pitch sounds, has difficulty in conversations when more than 2 persons are speaking at the same time, reads lips fairly well but does not know sign language, suffers from frequent ear infections, has a slight speech impediment, and has had ear surgery as recently as one year ago. She claims that her hearing is diminishing each year. The situation may be helped by soon to be acquired, very expensive, more sophisticated hearing aids. Despite her obvious handicap, and her fear that she will lose her hearing and not be able to provide for her children, she presents herself as well motivated to succeed. In addition to her hearing difficulties, she has suffered from depression in recent years. It would not surprise the court to learn, in the future, that she successfully completed her education and obtained more lucrative employment. However, the orders herein are based upon her current income of $21,100 per year.
The Husband is 35 years of age, well educated, and in good health. He has Bachelor of Science and Masters Degrees in business administration. Currently, he is employed as a Director of Systems Engineering and Support for the Gotham Networks Corporation with an annual salary of $120,000 plus life and medical insurance benefits. He also has 180,000 stock options, 52,500 of which are currently vested, which he reports are of limited value at the present time. The options vest at the rate of 3,750 per month. He travels approximately 50% of the time luring which he receives full reimbursement of expenses from his employer. He described the start up company for whom he is employed, as not doing well with his job in jeopardy. The orders contained herein are based upon his current income of $120,000 per year.
Neither party had any assets of significance which they brought into the marriage. The assets which they have were essentially acquired through their joint efforts during the marriage. Parties contribute in different ways in the joint enterprise that is a marriage. In the instant case, the court considers the relative contributions of the parties to be in equipoise. CT Page 12775
Currently, net assets are as follows:
1. Underhill Road (equity) $ 36,000.00 2. 97 Jeep 11,000.00 3. 98 Chrysler (equity) 5,000.00 4. Firearms 3,000.00 5. Boat 2,000.00 6. Furniture (Husband) 2,500.00 7. Furniture (Wife) 2,500.00 8. Peoples Checking (Husband) 500.00 9. Peoples Checking (Wife) 500.00 10. Interspeed stock 725.00 11. Gotham stock options (130,000 shares) 900.00 12. Lucien 401k 70,000.00 13. Sentient 401k 18,600.00 14. Cisco stock (260 shares) 16,380.00 15. Computer 2,500.00 16. Air Miles Unknown 17. Tax refund 200.00
Total $172,305.00
Liabilities of the parties, excluding attorneys fees and money owed by each party to relatives, include the following:
1. American Express $ 300.00 2. State of Connecticut (93 taxes) 10,132.00 3. CITIBANK 4,500.00 4. SNET wireless 1,100.00
Total $16,032.00
It would serve no useful purpose to chronicle the causes for the breakdown of the marriage which is clearly irretrievable. There were charges and recriminations. The Wife claimed that the marriage broke down because of the Husband's infidelity, use of profanity, and constant putdowns which impacted on her self esteem. The Husband claimed that the Wife was unfaithful, had a volatile temperament, was unstable emotionally, maintained a filthy home and struck him on at least two or three occasions. While there are two sides to every marriage breakdown, and perceptions always vary, in this case the Wife's claims would appear to be more credible.
There was considerable argument to the court, but no expert evidence introduced, concerning tax consequences of the payment of alimony and child support. While it might appear that an unallocated order of alimony and child support would have distinct advantages, there was no CT Page 12776 demonstration of same by competent evidence. Therefore, the court declines to consider that methodology.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
CUSTODY AND VISITATION
The parties shall have joint legal custody of the minor children with physical custody to the Wife. Visitation shall be as per the stipulation dated September 26, 2000 the terms of which are incorporated herein by reference and are to be spelled out in the Judgment file.
CHILD SUPPORT
The Husband shall pay to the Wife child support in the amount of $425.00 per week and child care expenses in accordance with the percentages indicated in the child support guidelines, currently 55% for the Husband and 45% for the Wife, pursuant to an immediate wage withholding order.
ALIMONY
The Husband shall pay to the Wife alimony in the amount of $425.00 per week pursuant to an immediate wage withholding order. Said payment shall be made until the death of either party, the Wife's remarriage or cohabitation, or, if not sooner terminated, 15 years from date.
LIFE INSURANCE
The Husband shall name the Wife beneficiary on the $120,000.00 group life insurance policy insuring his life until he no longer has any obligation for alimony or child support. In the event alimony terminates for any reason, the Husband shall name the minor children equal beneficiaries on said insurance. He shall furnish the Wife, upon reasonable request, satisfactory information that said insurance is being properly maintained. The provisions of this paragraph shall be subject to CT Page 12777 modification.
MEDICAL INSURANCE
The Husband shall continue to maintain the medical and dental insurance coverage he now has available to him through his place of employment for the benefit of the minor children. All un-reimbursed medical and dental expenses incurred by the children shall be shared in accordance with the percentages indicated in the child support guidelines, currently 55% by the Husband and 45% by the Wife. The provisions of this paragraph shall be subject to modification.
Neither party shall incur any extraordinary expenses on behalf of the children without first consulting with the other, except in the case of emergencies.
The provisions of Connecticut General Statute Section 46b-84e shall apply.
The Wife may avail herself of the COBRA benefits provided by the Husband's employer at her sole expense.
DIVISION OF ASSETS
The Wife shall retain the following assets: the furniture and personal possessions now in her control, the 1998 Chrysler, her Peoples Bank account, the computer, her tax refund, and the 260 shares of CSCO stock.
The Husband shall retain the following assets: the furniture and personal possessions now in his control, the real estate located at 2 Underhill Road, the 1997 Jeep, the boat, his firearms, Peoples Bank account, and the Interspeed stock.
The Husband shall transfer to the Wife one-half of his accumulated air miles and American Express points within 30 days from date.
The Lucien and Sentient 401k accounts are to be divided equally. From the Husband's share of the division, he is to pay the liabilities to CITIBANK, American Express, State of Connecticut, and SNET wireless. Within 60 days from date, he shall furnish the Wife with satisfactory evidence that said debts have been paid in full. If Qualified Domestic Relations Orders are needed to effect the division, the Husband shall have the responsibility for preparing same.
The Husband shall transfer to the Wife one-half of the net value of the first 60,000 stock options in Gotham Networks as said shares are CT Page 12778 exercised. Said distribution to the Wife shall take place immediately upon exercise of the options by the Husband, whether he exercises in increments or all at one time. Net value is defined as gross selling price less capital gains taxes and expenses of sale. If the options are exercised and not sold, one-half of the shares exercised are to be transferred to the Wife. Complete details on the exercise of the options shall be furnished to the Wife at the time of the exercise. Annually, the Husband shall furnish to the Wife satisfactory evidence of the status of the options.
 LIABILITIES
Unless otherwise provided herein, each party shall be liable for their own liabilities.
COUNSEL FEES
The Husband shall pay to the Wife as counsel fees the sum of $7,500.00 within 60 days from date.
 TAXES
By April 15 of each year, until there is no longer any obligation for child support or alimony, the parties shall exchange their complete IRS returns in order to determine that the payments are appropriate under the circumstances then existing.
The Wife shall be entitled to claim all three children as dependents on her state and federal income tax returns. This provision shall be subject to modification.
 MISCELLANEOUS
All pendente lite orders are to be current on the date of this memorandum.
The parties shall, remain joint guardians of the minor child Jacqueline Lazor's Vanguard account valued at $42,776.77.
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
CUTSUMPAS, J. CT Page 12779